## DICKSON v. STATE.

### No. 20101.

Court of ·Criminal Appeals of Texas.

Jan. 25, 1939.

Horton B. Porter, of Hillsboro, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

The appellant was convicted of aggravated assault, and his punishment assessed at a fine of $100 and three months' confinement in the county jail.

The record is before us without a statement of facts or bills of exception, hence no question is presented for review. The indictment and all matters of procedure appearing to be in proper form, the judgment is affirmed.

R. C. Wilson, of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The indictment under which appellant was convicted charged the offense of an assault with a prohibited weapon, and embraced averments showing that he had been previously convicted of two felonies less than capital. Because of repetition of offenses, the penalty assessed was confinement in the penitentiary for life. See Art. 63, P.C.

The evidence is deemed sufficient to support the judgment of conviction.

Appellant brings forward two bills of exceptions, which appear to have been filed too late to be entitled to consideration. The motion for new trial was overruled March 5, 1938, and on the same date an order was made granting appellant eighty days in which to file bills of exceptions. The bills above referred to were filed May 28, 1938, which was after the expiration of the time fixed in the order of the court. See Art. 760, C.C.P., Vernon's Ann.C.C. P. art. 760; Turner v. State, 131 Tex.Cr. R. 324, 97 S.W.2d 959.

The trial was had before a special judge. The record is silent touching his election,

## COOK v. STATE.

### No. 19947.

Court of Criminal Appeals of Texas.

Nov. 16, 1938.

On Rehearing Jan. 25, 1939.